**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BETTY SMITH HEARN**                                                                                    **PLAINTIFF**

**v.**                                                                          **CAUSE NO. 3:12-CV-417-CWR-FKB**

**BOARD OF SUPERVISORS OF HINDS**                                                          **DEFENDANTS**
**COUNTY, MISSISSIPPI, ET AL.**

**ORDER**

Before the Court are a variety of motions, including a motion for injunctive relief, Docket No. 2, a motion to dismiss or consolidate cases, Docket No. 16, motions for default judgment, Docket Nos. 24-26, and motions for other relief, Docket No. 47-48. The facts, arguments, and applicable law show that this case is due to be dismissed.

**I.      Background**

In October 2011, Betty Smith Hearn filed a lawsuit in this Court against the Board of Supervisors of Hinds County, Mississippi, and several of its officials. Docket No. 1, in Cause No. 3:11-cv-662-DPJ-FKB. The case was assigned to Judge Jordan. *Id.* The complaint concerned property Hearn owns at 1047 Smith Drive in Raymond, Mississippi. Docket No. 6, at 1.

By June 11, 2012, the case had proceeded through 116 separate docket entries, at least 43 of which were motions seeking relief in one form or another. Among them were Hearn's motions to remove the assigned District and Magistrate Judge from her case, *see* Docket No. 16, and her motion to move the case to a federal court in Florida, *see* Docket No. 24. Both were denied.

On June 18, 2012, Hearn filed the instant action. Docket No. 1, in Cause No. 3:12-cv-417-CWR-FKB. This new complaint alleged that the same defendants, with the notable addition of Zurich Insurance, had committed various torts against her during their defense of the first suit.[1] *Id.* at 3. She sought damages for this "post-litigation" conduct. *Id.*

The new complaint concerned facts at issue in the first lawsuit and allegations derived from that proceeding. The insurer, for example, was apparently sued because it hired Hinds County's attorneys to defend the first suit. *Id.* at 8. Hearn's new complaint also characterized the defense's

---

[1] The insurer clarified that its actual name is American Guarantee and Liability Insurance Company. Docket No. 35.

filings in the first action as fraudulent and defamatory. *Id.* at 14-17.

## II.     Discussion

Hinds County's motion to dismiss argues that Hearn's new allegations constitute "a frivolous attempt to manipulate this Court's prior rulings," and therefore should be transferred, dismissed, or consolidated with the first lawsuit. Docket No. 17, at 2. The undersigned agrees.

### A.     The First-to-file Rule

> Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. The rule rests on principles of comity and sound judicial administration. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (quotation marks and citations omitted).

While not identical, the defendants, issues, and arguments in Hearn's first and second cases substantially overlap. At heart, both suits revolve around her property dispute with the County. Hearn's new claims of defamation, fraud, and other "post-litigation" misconduct are an attempt to refresh her claims and perhaps gain leverage over the defendants, but ultimately are ancillary to the land dispute. As a structural matter, moreover, the original presiding District Judge is in a better position to resolve any allegations of misconduct stemming from proceedings in his Court.

The undersigned is also aware that in September 2012 and then again in December 2012, Judge Jordan granted Hearn leave to amend her complaint and focus on the land issue. Docket No. 185, at 2, 5. The deadline was later extended to January 7, 2013. *See* Text Only Order of Dec. 19, 2012. Hearn, though, did not file an amended complaint. Instead, she responded that Judge Jordan had abused his discretion, and she filed an Amended Notice of Appeal. Docket Nos. 186-87.

These developments suggest another reason why the present case cannot proceed before the undersigned. By filing her new action, Hearn has effectively sought to replace Judge Jordan with another jurist she may believe to be more receptive to her claims, achieving by other means her prior motion for disqualification. That is problematic because parties are not entitled to forum-shop their way to new Judges. Hearn's dispute was originally assigned to Judge Jordan and will remain with Judge Jordan.

"[T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Cadle*, 174 F.3d at 606 (quotation marks and citation omitted); *see Miss. Higher Educ. Assistance Corp. v. Penn. Higher Educ. Assistance Agency*, No. 3:11-cv-513, 2012 WL 2608808, *2 (S.D. Miss. July 5, 2012). As a result, under the first-to-file rule it would be appropriate to transfer this suit to Judge Jordan for further proceedings.

### B. The Rule Against Claim-Splitting

A different rule, however, suggests that this case should simply be dismissed. A plaintiff is not allowed to split her causes of actions among multiple proceedings, advancing one part of her suit in one court and bringing another part in a later suit:

> [T]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claims involves the same parties and arises out of the same transaction or series of transactions as the first claim.

*Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08-cv-1168, 2009 WL 305874, *4 (N.D. Tex. 2009) (citations omitted); *see Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) (reciting that under the transactional test, "the critical issue is whether the two actions were based on the same nucleus of operative facts. In this inquiry, we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies.").

"A main purpose behind the rule is to protect the defendant from being harassed by repetitive actions based on the same claim." *Ameritox*, 2009 WL 305874, at *4 (quotation marks, citation, and ellipses omitted). "This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (quotation marks and citation omitted).

This case presents a straightforward example of claim-splitting. Page three of Hearn's new complaint describes how she intends her claims to be split: her first suit was, she now says, a quiet title action; this suit sought damages for the defendants' "post-litigation" conduct; and an intended third suit would be filed, "if needed," to seek damages for the defendants' "pre-litigation" behavior. Docket No. 1, at 3. As noted by Judge Jordan in one of his Orders, "Hearn explained that she filed

a second suit regarding these *same* tort claims and . . . [i]t appears . . . that she intended to abandon tort claims in this suit leaving them for the subsequently filed suit now docketed under number 3:12-cv-417-CWR-FKB." Docket No. 169, at 3, in No. 3:11-cv-662 (emphasis added). Such splitting is unavailing because at heart, these suits revolve around Hearn's property dispute, making all claims *arising from* that property dispute properly resolved in one proceeding.

The fact that Hearn refused to amend her complaint in the first action when given the opportunity strongly suggests that this case is a prohibited attempt "to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Friends of the Earth*, 95 F.3d at 362 (quotation marks and citation omitted). Nor does Hearn's addition of a new defendant in this action bar a finding that she is engaged in claim-splitting. In part that is because her attempt to sue the County's insurer for defending its insured is frivolous. More importantly, though, the finding of claim-splitting remains because this action again ultimately "arises out of the same transaction or series of transactions" at issue in her first suit. *Ameritox*, 2009 WL 305874, at *4 (citations omitted).

### III. Conclusion

Dismissal for claim-splitting is appropriate where, as here, "the only explanation for the duplicative litigation . . . is to expand Plaintiff['s] procedural rights, upset the trial schedule, harass Defendants, and avoid the requirements of amendment of Plaintiff['s] claims." *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, Nos. 06-9170, 09-3394, 10-0791, 11-1499, 2013 WL 393486, *12 (E.D. La. Jan. 30, 2013) (dismissing later claims). Accordingly, the motion to dismiss is granted. This case is dismissed with prejudice.

**SO ORDERED**, this the 27th day of March, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE